May it please the Court, I am William Cole representing the government. This case involves the statutory steps that a person must follow in order to file a tort suit against the United States. Can I shortcut this by asking you the following question? If the statute of limitations bars, if the two-year statute of limitations bars the action, do we have to reach any of the other somewhat more esoteric pieces of the argument? No, you do not, Your Honor. That would take care of the issue right there. If it is barred by the two-year statute of limitations, by the six-month period that is allowed for filing suit after the claim has been ruled upon, or if this Court decides that the claim must precede the filing of the suit, all three of those individually would end the lawsuit, would require a reversal? If the claim accrued at the time of the accident, the two-year statute bars the claim, correct? That is correct. Would you discuss the factors that in your view require the conclusion that the claim accrued at the time of the collision? Under the Kubrick decision in the Supreme Court, the accrual period begins when a plaintiff is aware of an injury and the cause of the injury. Here, the plaintiff was aware of both of those. Mrs. Hensley knew that she had been hit and hurt, and she knew that it had been done by Lieutenant Ike. At that point, she was required to make efforts to determine what her legal remedies were, and that was not done within the two-year period of time that is permitted. Does that answer your first question? It does. The Court in this case determined that indeed the accrual period had begun later, that it awaited her knowledge, Mrs. Hensley's knowledge, that it was a government employee working within the scope of his employment that had caused the problem. This is not the state of the law. There are no cases that support that. The Supreme Court, in cases like Kubrick, Rotella, TRW, have said that that is not the way the court that this law may be interpreted. And this Court, in the Dinowitz case, specifically determined in facts very similar to the facts in this case, that accrual did not await even a reasonable finding by the prospective plaintiffs that the government was involved, so long, of course, as there was no malfeasance on the part of the government, no intentional hiding of information, nothing that would have turned this into an equitable estoppel type case. In addition to there being no case support for the position that was taken by the district court here, it must be pointed out that were this court to approve what the district court did, it would render the Westfall Act, specifically Section 2673 D5, basically irrelevant. That is the section, as you know, that permits someone who has learned after they have filed initially in the wrong quarter against the wrong defendant that they have a Federal Tort Claims Act case against the United States. And it prescribes precisely what they are to do. But if, in fact, the accrual period begins when an individual finds out that their claim is against the government, then there would be never any reason to rely on those provisions, because the accrual period would begin immediately upon gaining that knowledge, and there would be two years after that within which to file a lawsuit, or within which to file a claim, and then the subsequent period within which to file a lawsuit. Don't you think that would result in a much fairer outcome than what we have here? A tort claim was filed in state court within the statute of limitations. Granted, it was three years. Then the government removes it and transforms it into a claim under the Federal Tort Claims Act, which only has a two-year statute of limitations. So by the government intervening, removing it to state court, basically transforming a simple state tort action into a federal, an action under the Federal Tort Claims Act, it basically went, na, na, na, na, na, and have kicked these people out of court on the statute of limitations grounds. Your Honor, I do not pretend to say that there are not unfortunate side effects to relying on statutes of limitations. I don't even really enjoy coming and making statute of limitations arguments. But they are necessary, and Congress specifically states what the statute of limitations periods are. We don't have the luxury of being able to say, well, this is a person who has been harmed, we're terribly sorry, and we'd love to do something about it, where that person has not followed what Congress has ordained as the required procedures. And this, unfortunately, and I do mean that, unfortunately, is one of those cases. It is also true, by the way, that if we were to follow the cruel argument made in the district court, there could be basically an unlimited period of time for filing. This would be to make the period longer than it would be under any state law. If you could wait until you knew that you had a claim against the United States before ever filing, it might not occur for 10, 20, 30 years when you suddenly realized that something that happened long ago had been done to you by the federal government. The plaintiffs have cited in support of the accrual decision by the court only one case, and that is the Winter decision from this court. That case is not apropos of the argument here, because what the plaintiff did not know in that case was that, in fact, the plaintiff had been harmed by some malpractice. They didn't know, and, in fact, had checked with the government doctor, and the doctor had told them, no, what you're suffering from could never have happened from what I was involved in, I, the doctor. It was in that circumstance that this court said that the accrual period was told. We don't have that here. No one ever said that the period at the time at which Mrs. Hensley was harmed was, in fact, the time that she was hit by the car that was driven by Lieutenant Ike. What about equitable tolling? Plaintiffs say that that is an alternative way of looking at this case, but equitable tolling is simply not available here for several reasons. First, it isn't available because Congress has specifically indicated exactly what the exceptions to the statute of limitations rule is, and the congressional determination was made in 2679D5, the one that prescribes what you do when you've filed in the wrong note by the plaintiffs. And even if the three-year period were within the statute of limitations or that somehow that could be told, they would still be left having made two additional errors, one filing the suit before they filed a claim, and, secondly, after the claim was decided by the Department of the Navy, not filing a suit within six months of that time. That would mean that there would be three separate equitable tollings that would have to take place, and two of those would have been after they had all the facts that they needed. Would you like to save some rebuttal time? You have to. Certainly. Let me just make one other point about equitable estoppel, then I will sit down. And that is there are three points that have been raised that the plaintiffs say would bring into play equitable estoppel. First, they say that the government delayed the certification of Lieutenant Ike within the scope of his employment past the two-year period. That's not a legitimate argument, because the government doesn't even get involved in a determination of certification until a lawsuit has been filed, specifically in the statute itself in 2679, the Westfall Act. There is a provision where if someone is involved in a claim, once they are sued in court, they come to their superiors, and that begins the government involvement that can result in certification that someone was acting within scope. Plaintiffs have said, well, there was a military policeman at the hospital where Mrs. Hensley was taken who said something about check with your own insurance company, and that that misled her. That is not the kind of an act that shows actual malfeasance on the part of the government. That is a perfectly understandable reaction from someone who knew nothing about the events that had occurred. And finally, plaintiffs say, well, there are those insurance representatives who made misrepresentations about where this case should be filed. But those representatives for an insurance company had nothing whatsoever to do with the United States. They are not our agent, and we are not bound by anything that they say. With that, Your Honor, I will now say good-bye. Thank you. And you will still have a little rebuttal time remaining if you want it. Mr. Goodfriend. Good morning. May it please the Court. Howard Goodfriend, representing the appellees Pamela and Michael Hensley, plaintiffs below. Let me first address the accrual issue. Accrual a claim for negligence arising from an auto accident filed in state court in which the governmental status of the tortfeasor cannot reasonably be determined until the government exercises its right under the Westfall Act to remove the action to federal court does not accrue until the plaintiff reasonably should know, not just of the injury and the fact of the accident, but of its causal connection with the government. Well, let me ask you some questions about that as well. Did you want to? No, I was just wondering, did you really think that beginning an argument with that assertion was going to fly? But please go ahead. Let me ask you some specific questions about the accrual. In addition to the bare fact of having been in the collision and having been very seriously hurt, there's no question that everyone understands that, but the issue here is kind of a technical one. The person who was driving the vehicle that struck your client's vehicle was wearing his uniform. The accident occurred on a military installation, and she was taken to a military hospital. And it seems to me that those facts ought to put any reasonable person on notice that there's at least a possibility that the person wearing the uniform who struck her was acting in his official capacity. Not a certainty, but certainly inquiry notice. What's wrong with that? Well, it was at shift change. He was leaving the base, and it's certainly true that... She didn't know that. I'm telling you, I want to go with the facts that were absolutely clearly known by her at that time. And I don't understand why those aren't sufficient to put any reasonable person on notice that that's a possibility. Judge Gerber, let me add one additional factor, one real life factor, that any attorney which she retained would have been looking for the deepest possible pocket. Okay. Well, let me answer the accrual argument, and then the facts that you raise actually relate to the alternative basis for sustaining the district court's decision under equitable settlement. But I will address the accrual argument, because I think it's significant. The government, as it just stated in its argument, concedes that the federal status is not determined or determinative until the government exercises its right to remove and certify. But that doesn't answer the question, because a claim can be filed before that point, and that's what generally triggers the government's involvement. How would the government know about this accident unless a claim was filed? Well, the government knew about... Certainly the government's agent knew about the accident, because Lieutenant Ike knew about the accident, and Lieutenant Ike was no doubt contacted by his insurer, whom the military police directed Mrs. Hensley to contact at the hospital the day of the accident. And the insurer is not an agent of the government, though. You agree with the government that far? The insurer is an agent of the agent of the government, and certainly Lieutenant Ike's is... So is your argument that the United States is bound by the statements of Lieutenant Ike's insurance company? Well, for purposes of tolling, which I think we're moving into, let me put it this way. As you recognized in Lehman, this Court held that tolling relates to where the plaintiff is justifiably unaware of the critical elements of his cause of action. And it's different from estoppel, because estoppel requires affirmative misconduct by the government itself. There doesn't have to be a direct agency relationship between USAA, which is the military insurer for most servicemen, and the government in order to hold, based upon the district court's findings, that the delay was the result of, first, the government's agent, the military police, telling Mrs. Hensley to contact Lieutenant Ike's insurer. And two, over the course of six months after the accident, until shortly before this lawsuit was filed in state court, affirmatively representing to her that they would be adjusting the claim several times, and that she had three years to file an action in state court, and that she should let her medical conditions resolve. That is what she was told. That is what she did. And she contacted counsel within that three-year period. And when she did, and those letters are in the case, she was told that they would be adjusting this claim. But it's counsel's responsibility to investigate, you know, avenues of relief, potential parties, and to independently verify the statutes of limitations. You can't rely on an insurance company to tell you when the statute of limitations run. I think you can rely on an insurance company to tell you that if we are responsible for settling and adjusting the claim. They're tantamount to an adversary. Why would a lawyer rely on, all right, if not an adversary, the party that's going to be financially liable to his client? Why would you rely, and a non-lawyer at that? Why is that reasonable reliance? Well, it's reasonable because the alternative is, I think, administrative judgment, excuse me? The alternative might be independent legal judgment? Well, the alternative, I think, would be this. You would be forced, whenever there is any type of federal potential connection, to immediately file a claim within the two years. To ignore You would first file an administrative claim, which would give everybody an opportunity to figure out for sure whether the government is a proper defendant. Because even though technically, as in this case, the government didn't have to inform you of the employment status of Lieutenant Ike until after the suit. That's because there wasn't a claim before the suit. But that's the whole point of that procedure, which is supposed to be done within 180 days. I understand that, Your Honor. But in this case, Mrs. Hensley, a layperson, was told repeatedly that she had three years to do that, and that she didn't have to do anything until her medical condition resolved. She reasonably relied on that, and the district court found that based on the facts and the circumstances, that reliance was reasonable. Now she contacted counsel outside the two-year period, and perhaps counsel knew at that point that, gee, you know, maybe there's a federal claim here. It was already too late. It was already too late. What case do we have, if any, that suggests, and the answer may be that we're only talking about equitable tolling here, but are you aware of any case that suggests that the analysis of accrual is any different for a represented or an unrepresented party? Well, I think Accrual of the claim in the first instance. The accrual cases that this court has dealt with in Kubrick, for instance, there was, you know, the contact of counsel that occurred. Now, they don't You're not answering the question. Are you aware of any case that holds that the question of accrual is analyzed any differently for an unrepresented party? No, I'm not. Okay. So the lack of representation can't help except insofar as you're arguing for equitable tolling. Well, I think the lack of representation helps because you have to say a reasonable person in this circumstance knew or should have known. And there are certainly numerous cases outside of the circuit that hold that for purposes of accrual under the Federal Tort Claims Act, it is both the fact of injury and the causal connection with the government. Are you familiar with the Gibson case in this circuit? Yes. Okay. Well, it doesn't hold that, does it? No, it doesn't, but it doesn't reject that either explicitly. And, for instance, in Skwera It held that the plaintiff's claim accrued when they knew about the property damage itself and not later when they knew or had reason to know of the culpability of the federal agents who were the cause of that damage, right? That's correct. So basically our circuit has rejected your argument already, and we're bound by that on the accrual. Well, I think Gibson can also be analyzed on, you know, a reasonable inquiry would have determined it at that point in time. And here I think you have findings that, based upon these representations, and maybe, again, we're moving into tolling, that Mrs. Hensley, based upon her situation and her reasonable reliance on these agents of Lieutenant Ike, could not have reasonably known that she reasonably did rely on them. And I think the alternative basis for sustaining the district court's judgment under equitable tolling is manifest under these facts. If the court thinks that it's not, it should remand the case to the district court and let the district court reach that issue because the district court said, basically, I don't need to rely on equitable tolling under the facts here because I am holding that accrual occurs when there's a reasonable basis for knowing of the governmental connection with this accident. The consequence of the government's position, as Judge Wright, I think you indicated, is that the government can withhold any sort of affirmative determination of federal status until after the two-year statute is run, in any case where the two-year statute under the Federal Attorney Claims Act is less than that applicable under state law. And in the Kelly case and Celestine, the Second Circuit, I think analyzed very closely the unfairness of this proposition. And in the other cases which have basically held that accrual occurs when there's knowledge of the governmental connection have also used that analysis. The government controls the federal status, and it controls it by certification. It's a fact issue that it's exclusively within the government's control, and it depends upon the government's determination on the timing of the accident, the intent and the activities of the individual involved at that time. And as you know, under the statute 2679, the government certification is conclusive for purposes of removal jurisdiction. Counsel, as a factual matter, when was the case brought to the attention of the government? Do you know? I think according to what the government just stated, it was not brought to the government's attention until Lieutenant Ike was served with process in state court after the two years had run but before the three years had run. Didn't the judge make a finding of fact along those lines? Maybe not. I'm sorry. Go ahead. I don't think so. I think that what the district court did hold was No, there was finding of fact number three is that Lieutenant, she calls him Mr. Ike, contacted the military police and provided personal information. It was not until he was served with the lawsuit and consulted a friend who was a military lawyer that he knew or appreciated the fact that he was on a base attending a training session of the Navy was of any factual or legal significance. I guess that isn't directly the same, but it does make it sound as if he wasn't aware. Well, surely USAA must have been aware. As a private insurer that specializes in insuring military officers, surely Lieutenant Ike's agent was aware during the pendency of these two years while it was negotiating with Ms. Hensley and telling her to refrain from doing anything because she had three years to file a lawsuit that there may have been a federal connection here. Do we have any evidence at all that the USAA adjuster was indeed aware? No. We have no direct evidence of that one way or the other, which is why I would suggest that in the case of a reversal on the district court's ruling that it remand for a determination on that factual issue. Because I think that it's clear that these vicarious liability and agency issues are analyzed under state law. And under Washington law, it is abundantly clear that a tortfeasor is bound by the representations and the knowledge of his or her liability insurer. So if you have the lieutenant's agent directly telling Ms. Hensley to wait until after two years before she needs to do anything about her injuries, Lieutenant Ike is bound by that knowledge and by those representations. That's essentially our agency argument here. It is the equivalent of Lieutenant Ike knowing and telling. There is the jurisdictional issue under the claim filing statute. If the court has any questions on that, I would be happy to address it in the short time remaining. Otherwise, I'd ask that in the event of any reversal, this case be remanded to the district court. Thank you. Thank you very much for your argument. You have some rebuttal time remaining. A couple of minutes. Thank you. Just a very few points, Your Honor. Your Honor, first, as to the result of this case, whether a lawyer had been hired before or not hired before the statute of limitations period ran, we suggest would make no difference. And we would simply read the words of Justice Stevens in the McNeil case when he said, we, meaning the Supreme Court, have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. Sadly, that seems to be what has occurred here. What is your reaction to counsel's suggestion that if we were to agree with you on the accrual question and move over to equitable tolling, that there remain factual issues about agency and so forth that would be appropriate for the district court?  I don't believe there have been any suggestions made that would bring this case into the equitable tolling sphere. This court, in a case that was just cited, the Lehman decision about ten years ago, specifically said that equitable tolling has been applied only in certain circumstances but sparingly. When a claimant was tricked by an adversary, and if there's no evidence of tricking or any tricks being pulled on it, I think there is none here, that would not apply. How do you know if it hasn't been fleshed out or considered by the district court? Because I don't believe there were any allegations made below. If there had been allegations of tricks being played, then that would make no difference. I think the allegation is a misrepresentation of the insurance company. That's right. That's the primary allegation, that they were Ike's agent and Ike in turn was the government's agent and that they said, don't worry about it, you can wait. And that's a legal issue, whether or not someone who was Lieutenant Ike's agent, whether it be his broker, his lawyer, his insurance agent, whether they in making statements can bind the United States. And we would suggest that there is absolutely no reason to think that whatever they say has some kind of significance on the liability of the United States. Well, if it's through, go ahead. Just one brief question. The insurance representative, is that insurance claims adjuster the agent of the insurance company or of Lieutenant Ike? I would think they would certainly be the agent of the insurance company. Whether that would be his personal agent for any purpose, I'm simply not sure. I would add, though, that what their interests were, were really, I guess theoretically, diametrically opposed to what those of the United States were. They would have been delighted to have turned over the responsibility for this case for paying the claim to the United States. They, I think, were unaware of the law. Counsel, would you agree with opposing counsel that this issue is determined by Washington law? Which issue? The issue of equitable tolling. No, I think that it is determined by federal law. Under the Federal Tort Claims Act. Yes. And specifically by the cases that we have cited from the Supreme Court and from this court, including that layman case that was decided by this court 10 years ago. Thank you very much, Your Honor. Thank you, counsel. The arguments of both parties have been very helpful. This case is submitted and will be reviewed.
judges: Graber, Rawlinson, Wright